IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATIE JACKSON, individually, and on behalf of all others similarly situated, | Case No. 1:24-cv-04178 |
| Plaintiffs, | |
| v. | Judge Mary M. Rowland |
| WALGREEN PHARMACY SERVICES MIDWEST, LLC, | Magistrate Gabriel A. Fuentes |
| Defendant. | |

**DEFENDANT'S MOTION TO STAY**

Defendant Walgreen Pharmacy Services Midwest, LLC respectfully requests this Court stay all pretrial proceedings, including further briefing and ruling on Plaintiff's pending Motion for Conditional Certification (ECF #17) until after the Seventh Circuit issues its opinion in *Richards v. Eli Lilly & Co.,* Appeal No. 24-801 (appeal docketed August 29, 2024). In support of its Motion, Defendant states as follows:

**INTRODUCTION**

For the first time, the Seventh Circuit is set to authoritatively weigh in on the proper standard for conditional certification under Section 216(b) of the Fair Labor Standards Act—i.e., the issue directly posed by Plaintiff's pending Motion for Conditional Certification. *Richards v. Eli Lilly & Co.,* Appeal No. 24-8017 (7th Cir. Aug. 29, 2024) (permitting appeal). This issue has recently been examined by two other federal appellate courts: the Fifth Circuit in 2021, and the Sixth Circuit in 2023. *Swales v. KLLM Transport Services, L.L.C*., 985 F.3d 430, 434 (5th Cir. 2021); *Clark v. A&L Home Care and Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023). Both Circuits agreed the well-worn, "lenient" standard evoked by Plaintiff's pending Motion for

Conditional Certification was improper. They disagreed, however, on the proper path forward. Now that the Seventh Circuit has entered the fray, this Court should await further instructions from the Seventh Circuit in its forthcoming *Richards* opinion rather than risk applying the incorrect standard to Plaintiff's Motion for Conditional Certification—a conclusion widely reached by the District Courts that most recently shared such circumstances.[1]

## DISCUSSION

### A. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6, 118 S. Ct. 1761, 140 L. Ed. 2d 1070 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)); *see also Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005). This decision is discretionary and calls for the Court to exercise its judgment while weighing the competing interests of the parties. *Wilcosky ex rel. E.G. v. Amazon.Com, Inc.*, Case No. 19-cv-05061, 2023 U.S. Dist. LEXIS 238932, *6 (N.D. Ill. July 21, 2023). To do so, courts consider: "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether

---

[1] The Sixth Circuit Court of appeals is the most recent appellate court to evaluate conditional certification under the FLSA. *Clark v. A&L Home Care and Training Center, LLC,* 68 F.4th 1003 (6th Cir. 2023). While *Clark* was pending, district courts within the Sixth Circuit routinely stayed cases or decisions pending the Sixth Circuit's ruling on conditional certification for both FLSA and FLSA-hybrid cases. *See, e.g.*, *Duncan v. Magna Seating of Am., Inc.*, Case No. 22-12700 (E. D. Mich. April 4, 2023) (ECF #19); *Gudger v. CareCoreHealth LLC*, Case No. 3:22-cv-239, 2023 U.S. Dist. LEXIS 17404, at *5 (S.D. Ohio Feb. 1, 2023); *Albert v. Honda Dev. & Mfg. of Am., LLC*, Case No. 2:22-cv-694, 2023 U.S. Dist. LEXIS 15734, at *15–19 (S.D. Ohio Jan. 30, 2023); *McCall v. Soft-Lite L.L.C.*, Case No. 5:22-cv-816 (N.D. Ohio Jan. 18, 2023) (ECF #21); *McLemore v. KAV Health Grp., LLC,* No. 3:22-cv-155, 2022 U.S. Dist. LEXIS 210239 (S.D. Ohio Nov. 18, 2022); *Cordell v. Sugar Creek Packing Co.*, Case No. 2:21-cv-755, 2022 U.S. Dist. LEXIS 146965, at *6–11 (S.D. Ohio Aug. 16, 2022); *Mullen v. Chaac Pizza Midwest, LLC*, Case No. 1:20-cv-893, 2022 U.S. Dist. LEXIS 39301, at *17 (S.D. Ohio Mar. 7, 2022); *Lovendahl v. Kroger Co.*, No. 1:21-CV-00350, 2022 U.S. Dist. LEXIS 34124, 2022 WL 594806, at *2 (S.D. Ohio Feb. 28, 2022).

a stay will unduly prejudice or tactically disadvantage the non-moving party." *Id.* (quoting *Berkeley\*IEOR v. Teradata Operations, Inc.*, Case No. 17-C-7472, 2019 WL 1077124, at \*5 (N.D. Ill. Mar. 7, 2019). The "proponent of the stay bears the burden of establishing its need." *Faust v. Vilsack*, Case No. 21-C-548, 2021 U.S. Dist. LEXIS 187423 (E.D. Wis. Aug. 20, 2021) (quoting *Clinton v. Jones*, 520 U.S. 681, 708, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997)).

      **B.    The pending *Richards* appeal directly concerns Plaintiff's pending Motion for Conditional Certification.**

Before turning to why a stay is warranted, it is necessary to establish how the *Richards* appeal implicates Plaintiff's pending Motion for Conditional Certification. Under the Fair Labor Standards Act, a plaintiff may bring an action to recover against their employer on her own behalf or on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). The issue of what constitutes a "similarly situated" employee—and the process a party is to follow in proving or disproving such a claim—has largely evaded appellate review, both within this Circuit and elsewhere. The resulting void has traditionally been filled by a 1987 opinion from the New Jersey District Court, *Lusardi v. Xerox Corp.*, 118 F.R.D. 351. The *Lusardi* standard entails a two-step approach for collective actions under the FLSA, the first of which is a lenient stage called "conditional certification" that precedes the issuance of notice to potential members of the collective. This first, "lenient" step is the subject of Plaintiff's pending Motion for Conditional Certification. (ECF #17).

Recently, two federal appellate courts rejected the *Lusardi* standard as traditionally applied. In *Clark*, the Sixth Circuit preserved *Lusardi*'s two-step approach, but rejected *Lusardi*'s "lenient" standard for conditional certification. *Clark v. A&L Home Care and Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023). The Fifth Circuit, in its own review, rejected the *Lusardi* approach all-together, calling for a single, rigorous review when deciding whether purported members of a

3

collective are "similarly situated" so as to warrant notice of a collective action. *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021). Since the *Swales* and *Clark* decisions have been issued, District Courts within this Circuit have been grappling with whether—and to what extent—the traditional *Lusardi* standard and its attendant rules should apply. *See, e.g.*, *Laverenz v. Pioneer Metal Finishing, LLC*, No. 22-C-692, 2024 WL 3887110, at *8 (E.D. Wis. Aug. 21, 2024) ("[T]he court rejects *Lusardi*. It frustrates the FLSA's text, disturbs the goals of the Portal-to-Portal Act, risks compromising the neutrality required by the Supreme Court in *Hoffmann-La Roche*, and is an inefficient case-management tool. [Plaintiff] does not offer any arguments to the contrary; she simply points to the other district courts that continue to apply *Lusardi*. But 'path-dependence' or 'anchoring bias' are not good reasons to continue a practice."), citing *Swales*, 985 F.3d at 443; *Clark*, 68 F.4th at 1008.

The Seventh Circuit's forthcoming *Richards* appeal will decide the proper standard under Section 216(b) of the FLSA.[2] The *Richards* defendant sought (and was granted) leave to file an interlocutory appeal on the following question:

> Whether notice in a collective action can issue based on a modest factual showing of similarity [i.e., the *Lusardi* standard], rather than upon a showing by a preponderance of the evidence that requires the Court to find that commonality across the collective is more likely than not.

*Richards v. Eli Lilly & Co.*, Case No. 1:23-cv-00242, 2024 U.S. Dist. LEXIS 85773, at *17 (S.D. Ind. May 10, 2024). On August 29, 2024, the Seventh Circuit agreed to hear the *Richards* appeal, teeing up the Seventh Circuit's first discussion about the proper legal standard for the conditional certification process. *Richards v. Eli Lilly & Co.*, Appeal No. 24-8017 (7th Cir. Aug. 29, 2024)

---

[2] The *Richards* case itself concerns a collective action under the Age Discrimination in Employment Act ("ADEA"). *Richards v. Eli Lilly & Co*., Case No. 1:23-cv-00242, 2024 U.S. Dist. LEXIS 85773, at *2–4 (S.D. Ind. May 10, 2024). But this is a distinction without a difference for current purposes: the ADEA incorporates and uses the FLSA's Section 216(b), meaning both *Richards* and the instant action concern the same collective action standards, despite the former being an age-discrimination case.

(ECF #21); *see also In re New Albertsons, Inc.*, No. 21-2577, 2021 WL 4028428, at *2 (7th Cir. 2021) (noting that neither Congress, the Supreme Court, nor the Seventh Circuit has provided guidance on "the proper procedure for certification of FLSA collective actions").

Accordingly, the Seventh Circuit's forthcoming *Richards* opinion will directly impact this Court's analysis of Plaintiff's pending Motion for Conditional Certification, as well as how the Parties approach discovery, and the factual showing Plaintiff must make for the purposes of obtaining certification of a collective. If the Parties move forward with a certification process now that is contrary to the process soon-to-be endorsed by the Seventh Circuit, the Parties risk having to conduct different discovery and rebrief the issue of conditional certification, which would be a waste of the Court and the Parties' time and resources. As discussed below, this Court should stay all pretrial proceedings, including further briefing and ruling on Plaintiff's Motion until the *Richards* opinion comes down.

        **C.**    **A stay is warranted and Plaintiff will not be prejudiced.**

A stay should be granted in this matter. As discussed above, the Seventh Circuit has accepted an appeal that speaks directly to the issues posed by Plaintiff's pending Motion for Conditional Certification. This, combined with the lack of prejudice to Plaintiff, shows a stay on conditional certification is warranted—a conclusion widely reached by the District Courts that most recently shared this Court's circumstances. *See authorities cited in n.1, supra*.

First, a stay will prevent this Court from having to twice consider conditional certification—reducing the burden of litigation. Absent a stay, this Court may ultimately need to consider conditional certification twice: once under whichever of the three, current standards (*Lusardi*; *Swales*; *Clark*) this Court opts to apply; and again under whatever standard flows from the *Richards* opinion. And as the Fifth Circuit's *Swales* decision shows, there is no guarantee the Seventh Circuit preserves any of *Lusardi*'s two-step approach. *Swales*, 985 F.3d at 434. Other

5

courts facing similar uncertainty noted that clarity from the appellate court on the proper standard for collective certification "redounds to the benefit of the parties as well as the Court." *See, e.g.*, *Gudger v. CareCore Health LLC*, No. 3:22-cv-239, 2023 U.S. Dist. LEXIS 17404, at *5–6 (S.D. Ohio Feb. 1, 2023).

Second, a stay will permit this Court to use the Seventh Circuit's roadmap for conditional certification—simplifying this Court's analysis. At present, the Seventh Circuit has never set down a standard for conditional certification. The Circuit has thus far only stated district courts have "wide discretion" in deciding how to evaluate whether there are similarly-situated plaintiffs for purposes of Section 216(b). *Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010). The bounds of this discretion are oft-traveled but unmapped. As noted, courts within this Circuit historically applied the two-step *Lusardi* standard. But the *Lusardi* standard has yet to survive appellate review unscathed. To the contrary, *Lusardi* was supplanted by two, differing standards in the Fifth and Sixth Circuits. The Seventh Circuit is set to resolve these competing threads, simplifying this Court's analysis.

Third, staying proceedings until after the Seventh Circuit establishes the proper standard and process for determining whether notice should issue to "similarly situated" individuals will impact the timing and scope of discovery. If the Parties move forward with the certification process that is contrary to a process later endorsed by the Seventh Circuit, the Parties risk having to conduct different discovery or having spent significant time and resources on unnecessary discovery.

Fourth, Plaintiff would not be prejudiced by a stay. To the extent the putative collective could be prejudiced by a stay because the limitations period continues to run, Defendant is willing to agree to toll the limitations period for the putative collective if the case is stayed pending the *Richards* decision. To find prejudice, Plaintiff is left with the simple fact a stay entails the passage

6

of time—which cannot be dispositive, given *every* motion for stay necessarily includes such a "delay." *See, e.g.*, *Cordell v. Sugar Creek Packing Co.*, Case no. 2:21-cv-755, 2022 U.S. Dist. LEXIS 146965, at *11 (S.D. Ohio Aug. 16, 2022). Accordingly, Plaintiff would face no discernable prejudice from a stay of discovery, pretrial deadlines, and the conditional certification motion. "In fact, to the contrary . . . if anything, the Court's as well as both parties' resource will be conserved as a result of a stay." *Brooks v. Event Entertainment Grp., Inc.*, No. 20-cv-22495, 2020 WL 5535346, at *1 (S.D. Fla. Sept. 15, 2020); *see also Laverenz,* No. 22-C-692, 2024 WL 3887110, at *8 ("As this court has previously observed, it 'would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated.'"), *quoting Adair v. Wis. Bell, Inc.*, No. 08-C-280, 2008 WL 4224360, at *4 (E.D. Wis. 2008); *Unroe v. Vilsack*, 2012 WL 3527219, at *1 (S.D. Ohio Aug. 14, 2012) (a stay of proceedings pending appellate court ruling on "legal questions that determine, or at least significantly inform, the outcome of this case" is "warranted as a matter of judicial economy").

Fifth, if this Court does not issue a stay, then notice might be sent to improper opt ins — a bell that cannot be un-rung, prejudicing Defendant. The *Richards* opinion will likely determine the scope of who is entitled to Section 216(b) notice. If *Richards* yields a more detailed and tailored analysis than the *Lusardi* standard, *Richards* likewise may reveal that many individuals who would have received notice under *Lusardi* are, in reality, not entitled to notice at all. In other contexts, Courts have made clear the collective instrument does not favor sending overbroad or futile notice. For example, in the context of threshold issues such as the existence of valid arbitration agreements, the Seventh Circuit and other courts have rejected efforts to send collective notice to would-be parties that categorically are not entitled to notice, as issuing such errant notice "may serve only

to prompt futile attempts at joinder or the assertion of claims outside the collective proceeding." *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020). *See also Klick v. Cenikor Found.*, 94 F.4th 362, 368 (5th Cir. 2023) (applying *Swales* to conditional certification stage; "Here, where a merits question is wrapped up in a threshold determination—whether the [would-be plaintiffs] are considered employees entitled to compensation under the FLSA—the dispositive threshold issue must be resolved before a collective can be certified and notice can be sent."); *In re A&D Interests*, 33 F.4th 254, 258–59 (5th Cir. 2022) (would-be plaintiffs who signed arbitration agreement were not entitled to notice of a collective action). So too here. If this Court grants conditional certification that is later deemed overly broad under *Richards*, Defendant will be forced to try to un-ring the bell and unwind the improper notices—a tax on both Defendant's and this Court's resources that may be avoided through a simple stay.

Sixth, a stay would not negatively impact this Court's schedule. The parties are not at issue, no discovery has been propounded, and no trial date has been set. The only deadlines set in this matter relate to briefing on Plaintiff's motion conditional certification – no other pretrial deadlines have been set and no discovery has yet occurred.

Finally, the fact Plaintiff's Complaint includes a purported Rule 23 class action does not warrant denying a stay. Plaintiff might argue a stay should be denied because her putative Rule 23 common law claims are not beholden to the issues implicated by *Richards*. But such arguments were routinely rejected by courts in the Fifth and Sixth Circuits when their equivalent of the *Richards* opinion was pending before their Circuit court. *See, e.g.*, *Cordell v. Sugar Creek Packing Co.*, Case No. 2:21-cv-755, 2022 U.S. Dist. LEXIS 146965, at *10 (S.D. Ohio Aug. 16, 2022) (collecting cases). More fundamentally, Plaintiff's state-law claims may be a moot point, as they are subject to a pending Motion to Dismiss. (ECF #12).

"In these circumstances, the benefits to the parties and the Court outweigh any harm that could be caused by a stay." *Unroe*, 2012 WL 3527219, at *2. Accordingly, this Court should stay briefing and disposition regarding Plaintiff's pending Motion for Conditional Certification (ECF #17), discovery, and other pretrial proceedings until the Seventh Circuit issues its ruling in *Richards*.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Defendant WALGREEN PHARMACY SERVICES MIDWEST, LLC respectfully requests that this Honorable Court: stay any further briefing and ruling on Plaintiff's pending Motion for Conditional Certification (ECF #17); discovery; and other pretrial proceedings until the Seventh Circuit issues its opinion in *Richards v. Eli Lilly & Co.,* Appeal No. 24-8017.

DATED: September 11, 2024

Respectfully submitted,

WALGREEN PHARMACY SERVICES
MIDWEST, LLC, Defendant

By: *Kyle Petersen*
    One of Its Attorneys

Kyle Petersen
kpetersen@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:  (312) 460-5000
Facsimile:   (312) 460-7000


Steve Shardonofsky
sshardonofsky@seyfarth.com
SEYFARTH SHAW LLP
700 Milam St. #1400
Houston, TX 77002
Telephone: (713) 225-2300

9

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on September 11, 2024, she caused the foregoing document to be filled with the Clerk of the Court via the Court's electronic case filing/ECF system, causing the document to be distributed to all counsel and parties of record.

*/s Kyle Petersen*
Kyle Petersen
