IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATIE JACKSON, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 1:24-cv-04178 |
| v. | Judge Mary M. Rowland |
| WALGREEN PHARMACY SERVICES MIDWEST, LLC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Katie Jackson ("Jackson"), individually and on behalf of all others similarly situated, brings this putative class action against Defendant Walgreen Pharmacy Services Midwest, LLC ("Walgreens" or "Defendant"), alleging violations of Fair Labor Standards Act ("FLSA") (Count I), breach of contract (Count II), and unjust enrichment (Count III). Before the Court now is Defendant's partial motion to dismiss Counts II and III. For the reasons stated herein, Defendant's partial motion to dismiss [11] is denied.

**I. Background**

The following factual allegations taken from the operative complaint [1] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Jackson and the putative class members are current and former call center agents ("Agents") who worked for Walgreens and were compensated on an hourly basis. [1] ¶ 2. Walgreens required Agents to begin work

1

prior to their scheduled shifts and perform several off-the-clock tasks that were integral to their jobs. [1] ¶ 4. Agents could only clock in and begin receiving compensation after this preliminary work was completed. [1] ¶ 4. Failure to perform this off-the-clock work would result in poor performance evaluations, discipline, and possibly termination. [1] ¶ 5. Agents were similarly required to complete off-the-clock work during their lunch break and at the end of their shifts. [1] ¶¶ 38 – 40. Jackson alleges that Walgreens, through its managers, had actual and constructive knowledge of this off-the-clock uncompensated work, and that Walgreens required Agents to complete this off-the-clock work without pay. [1] ¶ 7. Jackson alleges that this was a matter of Walgreens's "policies and practices." *See* [1] ¶ 47. Jackson is a resident of Texas. [1] ¶ 21.

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements

2

of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III. Analysis

Walgreens has moved to dismiss Jackson's claims for breach of contract and unjust enrichment. Walgreens argues, and Jackson does not dispute, that Texas law applies to both claims. "Where the parties agree on the law that governs a dispute, and there is at least a reasonable relation between the dispute and the forum whose law has been selected by the parties, we will forego an independent analysis of the choice-of-law issue and apply the parties' choice." *Harter v. Iowa Grain Co.*, 220 F.3d 544, 559 n.13 (7th Cir. 2000). The Court will therefore apply Texas law.

#### A. Breach of Contract (Count II)

3

Jackson alleges that the Agents had binding and valid contracts with Walgreens under which Walgreens agreed to pay Agents an hourly rate for all work performed, and that Walgreens has breached those contracts by failing to pay for off-the-clock work.[1] Under Texas law, a breach of contract claim requires "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App. 2001).

Walgreens argues that to the extent any contract existed, non-payment of the at-issue off-the-clock work was an express term of that contract. Walgreens points to Jackson's allegations that non-payment was "required" and reflected in Walgreens's "policies and practices." But Walgreens misstates Jackson's allegations. Jackson alleges that Walgreens "had valid and binding contracts with [her] . . . to pay each hour worked at a pre-established (contractual) regularly hourly rate in consideration of the work . . . performed for [Walgreens's] benefit." [1] ¶ 123. Jackson further alleges that Agents only performed the off-the-clock work for Walgreens's benefit. [1] ¶ 71. In other words, Jackson has alleged that Walgreens made a contractual agreement to pay for off-the-clock work, and separately, that Walgreens adopted policies and practices that breach that contract. The fact that Walgreens (allegedly) had a practice

---

[1] Both parties agree that Jackson's breach of contract claim is limited to weeks in which she worked fewer than 40 hours. *See* [1] ¶ 127; [12] at 3 n.3. Courts in this district "uniformly hold that plaintiffs cannot seek the same lost wages through common law claims and FLSA claims because the FLSA preempts the common law claims." *Olazagasti v. Walgreen Co.*, No. 20 C 3338, 2020 WL 7319568, at *3 (N.D. Ill. Dec. 11, 2020) (collecting cases).

4

of breaching a contractual agreement does not mean that the agreement does not exist.

Walgreens further argues that even if there was at one point an agreement to pay for off-the-clock work, Jackson's allegations establish that the agreement has been modified such that off-the-clock work is no longer compensated. Indeed, under Texas law, an employer can modify an at-will employee's employment terms as long as the employee has notice of the change and has accepted the change. *Hathaway v. General Mills, Inc.*, 711 S.W. 2d 227, 229 (Tex. 1986). And when an at-will employee continues to work for the employer after their contract has been modified, they are deemed to have accepted the modification as a matter of law. *Id*. Jackson does not dispute that she had notice of the policy and that she continued to work at Walgreens after the policy went into effect. But this rule applies exclusively to at-will employees, *see Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 702 (Tex. App. 2008), and Jackson has not alleged that she or any Agent is an at-will employee. The Court cannot consider facts beyond those contained in the complaint. *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). Further, under Texas law, contract modification is an affirmative defense, *see Arthur J. Gallagher & Co. v. Dieterich*, 270 S.W.3d 695, 701 (Tex. App. 2008), and plaintiffs are not required to plead around or rebut affirmative defenses in a complaint. *U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). Accordingly, Defendant's motion to dismiss Count II is denied.

### B. Unjust Enrichment (Count III)

Under Texas law, "[u]njust enrichment is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay." *Freeman v. Harleton Oil & Gas, Inc.*, 528 S.W.3d 708, 740 (Tex. App. 2017) (citations omitted). A quasi-contract is a contract imposed by operation of law. *Id.* at 739. But unjust enrichment claims based on quasi-contract "are predicated on the absence of an express contract controlling the circumstance." *Id.* "When a valid agreement already addresses the matter, recovery under [a theory of unjust enrichment] is inconsistent with the express agreement." *TransAm. Natural Gas Corp.*, 933 S.W.2d at 600.

Walgreens argues that Jackson is precluded from proceeding on an unjust enrichment theory because, in support of her claim for breach of contract, she alleged that she has a binding and valid contract covering her entitlement for compensation for off-the-clock work. But Jackson pled her unjust enrichment count in the alternative to her breach of contract count. Under federal pleading rules, "a party is allowed to plead breach of contract, or if the court finds no contract was formed, to plead for quasi-contractual relief in the alternative. Once a valid contract is found to exist, quasi-contractual relief is no longer available." *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003). If it is later determined that an express agreement in fact covered Jackson's compensation for off-the-clock work, she will not be able to recover under a theory of unjust enrichment. But for now, she is allowed to proceed under alternative theories of relief. *See Diamond Ctr., Inc. v.*

*Leslie's Jewelry Mfg. Corp.*, 562 F. Supp. 2d 1009, 1017 (W.D. Wis. 2008) (citing Fed. R. Civ. P. 8(e)(2)). Defendant's motion to dismiss Count III is denied without prejudice.

## IV. Conclusion

For the stated reasons, Defendant's Motion to Dismiss [11] is denied. Defendant shall answer the complaint by April 16, 2025.

E N T E R:

Dated: March 27, 2025

MARY M. ROWLAND
United States District Judge